Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*AMNY Global Inc. d/b/a Alex Moss New York*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMNY GLOBAL INC. d/b/a ALEX MOSS NEW YORK<br>*Plaintiff*<br><br>v.<br><br>ARSH KHUSRO a/k/a LEO KHUSRO d/b/a LEOKHUSRO<br>*Defendant* | **CIVIL ACTION NO. 26-CV-9611**<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff AMNY Global Inc. d/b/a Alex Moss New York ("AMNY" or "Plaintiff"), a New York corporation, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. This action involves a claim for copyright infringement of one of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, arising from, among other things, Defendant Arsh Khusro a/k/a Leo Khusro d/b/a leokhusro's ("Defendant" or "Khusro") unauthorized use, reproduction, display, and/or distribution of Plaintiff's Cyborg Robot Jesus Pendant Work (defined *infra*), or at the very least, one or more designs that are substantially similar thereto.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3. Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or N.Y. C.P.L.R. § 302(a)(3) because, upon information and belief, Defendant regularly conducts, transacts, and/or solicits business in New York and in this judicial district, particularly via social media, advertises, supplies, and/or contracts to supply goods (including, upon information and belief, Infringing Products (as defined *infra*)) to consumers in New York and in this judicial district, and/or derives substantial revenue from business transactions in New York and in this judicial district, and/or otherwise avails himself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's infringing actions caused injury to Plaintiff in New York and in this judicial district, such that Defendant should reasonably expect his actions to have consequences in New York and in this judicial district.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, harm to Plaintiff has occurred in this district, and Defendant is subject to personal jurisdiction in this judicial district.

## THE PARTIES

5. AMNY is a New York corporation, having a principal place of business at 580 Fifth Avenue, Suite 900, New York, New York 10036, and a flagship store located at 15 Mercer Street, New York, New York 10013 (the "AMNY Flagship Store").

6. Upon information and belief, Khusro is an individual, with an address of 6215 Ballina Canyon Lane, Houston, TX 77041 and a business address of 6222 Richmond Avenue, Suite 336, Houston, TX 77057.

## GENERAL ALLEGATIONS

### Plaintiff and Its Original Designs

7. AMNY is the designer, manufacturer, distributor and retailer of certain widely-acclaimed, unique, diamond-encrusted statement pieces and jewelry collections (collectively, the "AMNY Designs"), which have attracted the attention of, and been worn and coveted by, a number of celebrities.

8. In addition to specially commissioned, custom orders, AMNY sells the AMNY Designs via its website, located at https://alexmossny.com/ (the "AMNY Website"), the AMNY Flagship Store, and select luxury stockists.

9. The enormous success of the Alex Moss brand and AMNY Designs is largely attributable to its founder, namesake, and designer, Alex Moss, who has been creating the innovative AMNY Designs for AMNY since 2020, including many custom pieces for high profile celebrities, including many hip-hop artists, such as Drake, Tyler the Creator, A$AP Rocky and Chief Keef.

10. The AMNY Designs have been featured in numerous press publications, including, but not limited to, *The New York Times* (wherein the AMNY Designs are referred to as

"Jewelry for Rap Gods"), *Hypebeast*, and *The Wall Street Journal*[1], among many others.

11. AMNY owns all registered and unregistered intellectual property rights in, and relating to, the AMNY Designs.

12. For example, of particular relevance to the instant dispute, AMNY is the owner of U.S. Copyright Registration No. VA 2-468-075, covering "Cyborg Robot Jesus Pendant" (the "Cyborg Robot Jesus Work"). A true and correct copy of the U.S. copyright registration certificate for the Cyborg Robot Jesus Work, as well as the corresponding deposit materials, is attached hereto as **Exhibit A** and incorporated herein by reference.

13. Plaintiff first made the Cyborg Robot Jesus Work for the well-known American professional basketball player Nazreon Hilton Reid.

14. Plaintiff has also displayed and offered the Cyborg Robot Jesus Work for sale on the AMNY Website, per the below screenshot:




---

[1] *See* https://www.wsj.com/style/fashion/how-alex-moss-became-the-go-to-jeweler-for-tyler-the-creator-and-other-rappers-11627318924.

15. Plaintiff has promoted the Cyborg Robot Jesus Work via, among other places, its Instagram handle @alexmossnewyork, as exemplified by the below screenshot:




16. Plaintiff has gone to great lengths to protect its interests in and to the Cyborg Robot Jesus Work. No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the Cyborg Robot Jesus Work without the express permission of Plaintiff.

**<u>Defendant's Wrongful and Infringing Conduct</u>**

17. Plaintiff recently became aware of Defendant's actions, which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing the Cyborg Robot Jesus Work, or at the very least, designs that are substantially similar thereto (collectively, "Infringing Products") to U.S. consumers.

18. Defendant has advertised and promoted the Infringing Products nationwide, including, upon information and belief, to consumers in New York, via, at the very least, Defendant's Instagram handle @leokhusro, as exemplified by the below screenshot:




19. In several of Defendant's Instagram posts, Defendant tags Manhattan, New York as the location, thereby demonstrating that Defendant does business in New York.

20. A side-by-side comparison of photographs of the Cyborg Robot Jesus Work to photographs of an example of an Infringing Product, as depicted on the following page, confirms the willful nature of Defendant's conduct:

| **Cyborg Robot Jesus Work** | **Defendant's Infringing Product** |
|---|---|
|  |  |
|  |  |

21. Neither Plaintiff nor any of Plaintiff's authorized agents have consented to Defendant's use of the Cyborg Robot Jesus Work, nor have they consented to Defendant's use of any identical, or substantially similar artwork or designs.

22. By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products), Defendant has violated Plaintiff's exclusive rights in, at a minimum, the Cyborg Robot Jesus Work, and has used designs that are identical or substantially similar to the Cyborg Robot Jesus Work.

23. Defendant's conduct began long after Plaintiff's creation and distribution of the Cyborg Robot Jesus Work.

24. Upon information and belief, prior to and contemporaneous with its infringing actions alleged herein, Defendant had knowledge of Plaintiff's ownership of the Cyborg Robot Jesus Work.

25. Defendant has been engaging in the illegal and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the reputation of Plaintiff and the Cyborg Robot Jesus Work.

26. By engaging in these actions, Defendant has, among other things, willfully and in bad faith infringed the Cyborg Robot Jesus Work, and unfairly profited therefrom, at Plaintiff's expense.

27. Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

## CAUSE OF ACTION
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

28. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

29. AMNY is the exclusive owner of the Cyborg Robot Jesus Work.

30. Defendant did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, and/or perform the Cyborg Robot Jesus Work.

31. Without permission, Defendant knowingly and intentionally reproduced, copied, displayed, distributed, offered for sale and/or sold copies of the Cyborg Robot Jesus Work, or derivations thereof, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products that bear the Cyborg Robot Jesus Work, or designs that are, at a minimum, substantially similar to the Cyborg Robot Jesus Work, or which constitute derivations thereof.

32. Defendant's unlawful and willful actions as alleged herein constitute infringement of the Cyborg Robot Jesus Work, including Plaintiff's exclusive rights to reproduce, distribute, display and/or sell such Cyborg Robot Jesus Work, and/or prepare derivative works based thereon, in violation of 17 U.S.C. § 501(a).

33. Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendant will continue to cause substantial and irreparable harm to Plaintiff.

34. Based on Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendant's profits or statutory damages in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and Plaintiff's reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Cyborg Robot Jesus Work under 17 U.S.C. § 501(a);

B. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

ii. directly or indirectly infringing in any manner any of Plaintiff's intellectual property rights, including, without limitation, the Cyborg Robot Jesus Work;

iii. using the Cyborg Robot Jesus Work, or any other artwork or designs that are substantially similar thereto, on or in connection with Defendant's manufacture, importation, exportation, advertising, marketing,

promotion, distribution, display, offering for sale and/or sale of Infringing Products;

iv. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

v. engaging in any other act in derogation of Plaintiff's rights;

vi. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Infringing Products;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action; and

viii. instructing any other person or entity to engage or perform any of the activities referred to in subparagraphs (i) through (vii) above; and

C. For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe the Cyborg Robot Jesus Work, or bear any artwork or designs that are substantially similar thereto;

D. For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products as described herein, including prejudgment interest;

E. For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to Plaintiff;

F. For an award of exemplary or punitive damages in an amount to be determined by the Court;

G. For Plaintiff's reasonable attorneys' fees;

H. For all costs of suit; and

I. For such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims.

Dated: November 3, 2026

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Kerry B. Brownlee
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor
New York, NY 10017

Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*AMNY Global Inc. d/b/a Alex Moss New York*